**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: William Shore | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. Ocwen Loan Servicing, LLC | ) | July Demand Requested |
| 1661 Worthington Road | ) | |
| Suite 660 | ) | |
| Palm Beach, FL 33409 | ) | |
| Defendant | ) | |

**COMPLAINT**

Now comes Plaintiff, by and through his attorney, and, for his Complaint alleges as follows:

1. Plaintiff, William Shore bring this action to secure redress from unlawful collection practices engaged in by Defendant, Ocwen Loan Servicing, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes illegal the misrepresentation of the character, amount or legal status of the debt. 15 U.S.C. Section 1692e

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc*. (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a

      dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. Under 15 U.S.C. Section 1692e(2) for a Debt Collector to give a Consumer the false legal status of a debt.

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

10. Plaintiff is a resident of the State of Illinois.

11. Defendant ("Ocwen Loan Servicing, LLC"), is an Florida business entity with an address of 1661 Worthington Road, Suite 660 West Palm Beach, FL 33409 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

12. Unless otherwise stated herein, the term "Defendant" shall refer to Ocwen Loan Servicing.

13. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

**14.** At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

15. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

16. Plaintiff was in default with the original mortgage at the time the mortgage was turned over for servicing to Defendant.

**FACTS APPLICABLE TO ALL COUNTS**

17. Plaintiff was in arrearage with his mortgage lender before Defendant obtained the account.
18. Plaintiff's original mortgage loan note was transferred to Defendant at a time when Plaintiff was in default for her mortgage.
19. The Plaintiff's filed a Chapter 7 Bankruptcy on September 23, 2013.
20. The Plaintiff was Discharged from his Bankruptcy on January 7, 2014.
21. On or about February 18, 2019, Defendant sent Plaintiff a collection letter. See Exhibit A.
22. On or about February 23, 2019, Plaintiff received the letter.
23. This statement states "Explanation of Amount Due***": (1) "Principal Balance, (2) Escrow Balance, (3) Maturity Date (4), "Past Due Payment(s) Amount", (5) "Fees/Other Charges" See Exhibit A.
24. There is a small notation from Defendant that states "[T]his is the Principal Balance only, not the amount required to pay the account in full. This balance may increase over time." See Exhibit A.
25. In the upper right hand of the statement it states "Reinstatement Amount $13,650.78" and states it is "due now." See Exhibit A.
26. Furthermore, it has a $70.36 late fee if not received by the 15th day of the following month. See Exhibit A.
27. There is also a payment coupon with a due date on each letter. See Exhibit A.
28. On the back of the letter, it states "Important Credit Reporting Notification- We may report information about the account to credit bureaus. Late payments, missed payments, or other defaults on the account may be reflected on your credit report." See Exhibit A.
29. The letter goes on to state "[I]f the account has foreclosure protection provided under the Service members Civil Relief Act (SCRA) or similar state law, Ocwen will not conduct foreclosure activity during the

foreclosure period." See Exhibit A.

30. In fact, Defendant can not report a "late payment" or "missed payment" or "default" to the credit bureaus as he has already been Discharged of this debt as a matter of law by a Chapter 7 Bankruptcy.

31. Furthermore, the opening of said letter states "[O]ur records indicate the mortgage is in foreclosure." See Exhibit A.

32. In fact, the mortgage is not in foreclosure. See Exhibit A.

33. Finally, there was an FDCPA action initiated against Defendant by Plaintiff on February 13, 2019-Defendant was served on February 14, 2019 (19-cv-00908).

34. Defendant is well aware that Plaintiff had an Attorney for this matter, both in the Bankruptcy and in the earlier FDCPA action, but it is still communicating directly with Plaintiff for this matter.

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. Defendant violated 15 U.S.C. Section 1692e by suggesting outcomes that could not legally occur for Exhibit A.

37. Defendant violated 15 U.S.C. Section 1692e by making it clear to Plaintiff that he still owed and was liable for this debt.

38. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that had been Discharged in Bankruptcy.

39. Defendant violated 15 U.S.C. Section 1692f by collecting on a debt that had been Discharged in Bankruptcy.

40. Defendant violated 15 U.S.C. Section 1692e by communicating to Plaintiff a false status of his debt.

41. Defendant violated 15 U.S.C. Section 1692c by communicating with Plaitniff even though it had actual knowledge that it had an Attorney for this matter.

## STANDING AND INJURY

42. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

43. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

44. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

45. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

46. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiffs demand the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff